IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **FREDRICK L. ROLAND,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00464-O-BP |
| | § | |
| **JANET YELLEN,** | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Frederick L. Roland ("Roland") filed his complaint April 28, 2025. ECF No. 1. Roland paid the filing and administrative fees on June 6, 2025. On June 9, 2025, the Court notified Roland of his responsibility to serve Defendant Janet Yellen with a summons and copy of the Complaint within ninety days after the filing or risk dismissal of his case under Federal Rule of Civil Procedure 4(m). ECF No. 9. The record shows that Roland has never served process on the Defendant named in the Complaint.

On July 31, 2025, the Court entered an order *sua sponte* extending the deadline effect service on the Defendant to August 20, 2025. ECF No. 11. Again, the Court warned Roland that if he did not "timely file such proof of service" by that extended deadline, "the undersigned may recommend dismissal without prejudice of his causes of action against Defendant." *Id*. at 3. To date, Roland has failed to comply with the deadline for service of process under Federal Rule of Civil Procedure 4(m) and the Court's subsequent orders (ECF Nos. 9, 11).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof

of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Roland did not serve process on Defendant in a timely fashion under Federal Rule of Civil Procedure 4 or the Court's orders extending the deadline for service of process. Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS without prejudice** Roland's claims under Fed. R. Civ. P. 4(m) for failure to timely serve process on Defendant.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on September 22, 2025.

                                                                                   Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE